Mr. Justice DAVIS
 

 delivered the opinion of the court.
 

 It is the practice with civilized nations, when a vessel is
 
 *641
 
 captured at sea as a prize of war, to bring lier into some convenient port of the government of the captor for adjudication. The title is not transferred by the mere fact of capture, but it is the duty of the captor to send his prize home, in order that a judicial inquiry may be instituted to determine whether the capture was lawful, and if so, to settle all intervening claims of property. Until there is a sentence of condemnation or restitution, the capture is held by the government in trust for those who, by the decree of the court, may have the ultimate right to it.
 

 But it is argued that the libel in this case was sustainable, because no libel in prize had been filed, and until this was done any one had the right to proceed against the vessel for a meritorious claim. If this were so, it would greatly lessen, with captors, the stimulus to activity so necessary in time of war, for they could never tell how many private actions they would have-to defend before they could reap the fruits of their enterprise and valor. Sound policy, as well as the law of prize, therefore, requires that all demands against captured property must be adjusted in a prize court, and that the property arrested as prize shall not be attachable at the suit of private parties. If such parties have claims which, in their view, override the rights of captors, they must present them to the prize court for settlement.
 

 The fact of capture determines the jurisdiction, and not the filing of a libel. When captured as prize of war the. property is in the custody of the law, and remains there to await the decision of a prize court, and, if condemned, all claims to the property are by it adjusted. Any other' rule would work great hardship to captors, and tend to cripple the operations of government during timo of war. Under the provisions of the act of Congress for the better administration of the law of prize,
 
 *
 
 it is directed that, whenever any property captured as a prize is brought into any district of the United States for adjudication, it shall be the duty of the prize commissioners to receive it and keep it,, until by
 
 *642
 
 the proper process of the court, it shall be placed in the custody of the marshal of the district.
 

 When, therefore, in this case, the prize commissioners certified to the court below that the prize steamer Nassau had arrived in the District of New York, and was delivered into their hands, there was sufficient evidence before the court that the vessel was claimed as prize of war, and in the jurisdiction of a prize court; and the motion to dismiss this libel, filed by private parties, was properly entertained and decided.
 

 Whether a maritime lien, like the one in this case, is lost, when the property is captured
 
 jure belli,
 
 would have been a proper question for investigation and decision by the prize court that condemned the Nassau, and which the libellants, on presentation to that tribunal, could have had decided.
 

 Not having done so, the question is not before this court ■for review.
 

 The decree of the Circuit Court is
 

 AFFIRMED.
 

 *
 

 12 Stat. at Large, 374.